FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2012 DEC 21 A 11: 16
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

THOMAS TROUBLE MAHER,

Plaintiff,

v.

WAYNE JOHNSON; JOHNNY DAVIS; EARL TOPPINS; KELLY MARTIN; DR. TOMMY JONES; and RICHARD BUNCH,

Defendants.

CIVIL ACTION NO.: CV612-097

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently housed at Baldwin State Prison in Hardwick, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement while he was housed at Smith State Prison in Glennville, Georgia. The undersigned informed Plaintiff that the claims he set forth in his Complaint appeared to be unrelated and directed Plaintiff to advise the Court as to which related claims he wishes to pursue. Plaintiff responded to that Order and advised the Court that he wishes to pursue his claims stemming from an assault which allegedly occurred on July 12, 2012. Accordingly, Plaintiff's First Amendment right to exercise his religion claim, his access to the courts claim, his legal mail claim, and any other claims not stemming from events occurring on July 12, 2012, should be **DISMISSED**, without prejudice. Based on the following, Defendants Kelly Martin and Wayne Johnson should be **DISMISSED** as named Defendants.

Plaintiff also filed a "Supplemental Complaint". The undersigned construes Plaintiff's "Supplemental Complaint" as a Motion to Amend his original Complaint. The Clerk of Court is directed to docket this pleading as a motion. A review of this pleading reveals that Plaintiff complains about conditions of his confinement at Baldwin State Prison. Plaintiff's allegations are unrelated to those he made in his original Complaint and in response to the undersigned's December 4, 2012, Order. In addition, Baldwin State Prison is located in the Middle District of Georgia, which would be the court in which Plaintiff should file his desired cause of action against individuals employed at Baldwin State Prison. Plaintiff's Motion to Amend is **DENIED**.

A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of

§ 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this court in applying the identical language of § 1915A.

Plaintiff asserts that Defendant Earl Toppins opened his cell in a secure lockdown area while two (2) gang members were without handcuffs in this area and several tray flaps were opened. Plaintiff contends that he was assaulted and stabbed by other inmates due to Defendant Toppins' deliberate indifference to Plaintiff's safety. Plaintiff contends that Defendant Richard Bunch was present during this assault and that Defendant Bunch knew that he and Defendant Toppins were violating policy by having unsecured inmates in the same area. Plaintiff asserts that Defendants Toppins' and Bunch's actions violated his right to due process because he has a liberty interest in being free from terror. Plaintiff also contends that he was injured as a result of the assault, and Defendants Johnny Davis and Tommy Jones were deliberately indifferent to his serious medical needs. Plaintiff further contends that he complained to Defendant Jones, a doctor at Smith State Prison, about the medical care he was providing, and Defendant Jones retaliated against Plaintiff by denying him proper care. Plaintiff alleges that he told Defendant Davis that he and the other staff were acting improperly and that Defendant Davis retaliated against Plaintiff by "shaking down" Plaintiff. Plaintiff also alleges that Defendant Wayne Johnson violated his rights by denying or rejecting the grievances he filed. Plaintiff avers that Defendants conspired with each other to violate

AO 72A
(Rev. 8/82)

his rights. Finally, Plaintiff makes allegations against Defendant Kelly Martin stemming from events occurring on July 18 and August 20, 2012.

As Plaintiff has already been informed, he cannot bring unrelated claims in one cause of action. Plaintiff specifically states he wishes to pursue his claims stemming from the July 10, 2012, assault. Accordingly, Plaintiff's claims against Defendant Martin are not related to his claims stemming from the July 10, 2012, assault and should be **DISMISSED**, without prejudice. FED. R. CIV. P. 20(a).

In addition, Plaintiff cannot sustain a cause of action against Defendant Johnson because Defendant Johnson may have rejected or denied Plaintiff's grievances. "[A] prison grievance procedure does not provide an inmate with a constitutionally protected interest[.]" Bingham v. Thomas, 654 F.3d 1171, 1177 (11th Cir. 2011). Therefore, the denial or rejection of a grievance is not sufficient to state a cause of action for violation of an inmate's constitutional rights. See Asad v. Crosby, 158 F. App'x 166, 170-72 (11th Cir. 2005) (affirming the district court's dismissal of the plaintiff's supervisory liability claims against two defendants which were based, in part, on the plaintiff's assertion that these defendants should be liable based on the denial of administrative relief); Pressley v. Beard, 2005 WL 2347369 *4 (M.D. Pa. Sept. 26, 2005) (noting that liability cannot be placed on prison officials for failing to take corrective action following the plaintiff's unsuccessful grievance). Plaintiff's claim against Defendant Wayne Johnson should be **DISMISSED**.

Further, a conspiracy "to violate another person's constitutional rights violates section 1983." Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1283 (11th Cir. 2002). To establish a prima facie case of section 1983 conspiracy, a plaintiff must show,

4

among other things, that defendants "'reached an understanding to violate [his] rights.'" Id. (quoting Strength v. Hubert, 854 F.2d 421, 425 (11th Cir. 1988)). As Plaintiff has failed to make this showing, his conspiracy claim against Defendants should be **DISMISSED**.

Moreover, "[t]he Due Process Clause protects against deprivations of 'life, liberty, or property without due process of law.'" Kirby v. Siegelman, 195 F. 3d 1285, 1290 (11th Cir. 1999) (quoting U.S. CONST. AMEND. XIV). The Supreme Court has identified two situations in which a prisoner can be deprived of liberty such that the protection of due process is required: (1) there is a change in the prisoner's conditions of confinement so severe that it essentially exceeds the sentence imposed by the court; and (2) the State has consistently given a benefit to prisoners, usually through a statute or administrative policy, and the deprivation of that benefit "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 1290-91 (quoting Sandin v. Conner, 515 U.S. 472, 484 (1995)). Contrary to Plaintiff's assertions, there is no constitutionally protected liberty interest in being free from terror. Plaintiff's due process claims against all Defendants should also be **DISMISSED**.

However, the Eighth Amendment's proscription against cruel and unusual punishment imposes a constitutional duty upon prison officials to take reasonable measures to guarantee the safety of prison inmates. This duty to safeguard also embodies the principle expressed by the Court in Estelle v. Gamble, 429 U.S. 97, 104 (1976), forbidding prison officials from demonstrating deliberate indifference to the serious medical needs of inmates. Farmer v. Brennan, 511 U.S. 825, 832 (1994).

AO 72A
(Rev. 8/82)

Additionally, "[t]o state a First Amendment claim for retaliation, a prisoner need not allege violation of a separate and distinct constitutional right." Farrow v. West, 320 F.3d 1235, 1248 (11th Cir. 2003) (internal citations omitted). Rather, "[t]he gist of a retaliation claim is that a prisoner is penalized for exercising the right of free speech." Id.

These allegations, when read in a light most favorable to the Plaintiff, arguably state colorable claims for relief under 42 U.S.C. § 1983 and 28 U.S.C. § 1915A against Defendants Davis, Toppins, Jones, and Bunch. A copy of Plaintiff's Complaint, Documents Numbered 11 and 14, and a copy of this Order shall be served upon Defendants Davis, Toppins, Jones, and Bunch by the United States Marshal without prepayment of cost. If any Defendant elects to file a Waiver of Reply, then he must file either a dispositive motion or an answer to the complaint within thirty (30) days of the filing of said Waiver of Reply.

## INSTRUCTIONS TO DEFENDANTS

Since the Plaintiff is authorized to proceed in forma pauperis, service must be effected by the United States Marshal. FED. R. CIV. P. 4(c)(3). In most cases, the marshal will first mail a copy of the complaint to the Defendants by first-class mail and request that the Defendants waive formal service of summons. FED. R. CIV. P. 4(d); Local Rule 4.5. Individual and corporate defendants have a duty to avoid unnecessary costs of serving the summons, and any such defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver. FED. R. CIV. P. 4(d)(2). Generally, a defendant who timely returns the waiver is not required to answer the complaint until

6

sixty (60) days after the date that the marshal sent the request for waiver. FED. R. CIV. P. 4(d)(3).

IT IS FURTHER ORDERED that Defendants are hereby granted leave of court to take the deposition of the Plaintiff upon oral examination. FED. R. CIV. P. 30(a). The Defendants shall ensure that the Plaintiff's deposition and any other depositions in the case are taken <u>within the 140-day discovery period</u> allowed by this court's local rules. Local Rule 26.1(d)(I).

In the event Defendants take the deposition of any other person, they are ordered to comply with the requirements of Federal Rule of Civil Procedure 30 as set forth herein. As the Plaintiff will likely not be in attendance for such a deposition, the Defendants shall notify Plaintiff of the deposition and advise him that he may serve on the Defendants, in a sealed envelope, within ten (10) days of the notice of deposition, written questions the Plaintiff wishes to propound to the witness, if any. The Defendants shall present such questions to the witness seriatim during the deposition. FED. R. CIV. P. 30(c).

## INSTRUCTIONS TO PLAINTIFF

IT IS FURTHER ORDERED that Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon their attorneys, a copy of every further pleading or other document submitted for consideration by the court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to Defendants or counsel. FED. R. CIV. P. 5. "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number." FED. R. CIV. P. 10(a).

7

AO 72A
(Rev. 8/82)

Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a caption or a certificate of service will be disregarded by the court and returned to the sender.

Plaintiff is charged with the responsibility of immediately informing this Court and defense counsel of any change of address during the pendency of this action. Local Rule 11.1. Failure to do so may result in dismissal of this case.

Plaintiff has the responsibility for pursuing this case. For example, if Plaintiff wishes to obtain facts and information about the case from Defendants, Plaintiff must initiate discovery. See generally FED. R. CIV. P. 26, et seq. Plaintiff does not need the permission of the court to begin discovery, and Plaintiff should begin discovery promptly and complete it within 140 days after the filing of the answer. Local Rule 26.1(d)(I).

Interrogatories are a practical method of discovery for incarcerated persons. See FED. R. CIV. P. 33. Interrogatories may be served only on a party to the litigation, and, for the purposes of the instant case, this means that interrogatories should not be directed to persons or organizations who are not named as Defendants. Interrogatories shall not be filed with the court. Local Rule 26.4. Interrogatories are not to contain more than twenty-five (25) questions. FED. R. CIV. P. 33(a). If Plaintiff wishes to propound more than twenty-five (25) interrogatories to a party, Plaintiff must have permission of the court. If Plaintiff wishes to file a motion to compel, pursuant to Federal Rule of Civil Procedure 37, he should first contact the attorneys for the Defendants and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. FED. R. CIV. P.

AO 72A (Rev. 8/82)

26(c); 37(a)(2); Local Rule 26.5.  Plaintiff has the responsibility for maintaining his own records of the case.  If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty ($.50) cents per page.

If Plaintiff does not press his case forward, the court may dismiss it for want of prosecution.  FED. R. CIV. P. 41; Local Rule 41.1.

It is the Plaintiff's duty to cooperate fully in any discovery which may be initiated by the Defendants.  Upon no less than five (5) days notice of the scheduled deposition date, the Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action.  Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, <u>including dismissal of this case</u>.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order.  A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is <u>required</u> to prepare and file his own version of the Proposed Pretrial Order.  A plaintiff who is incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the court.

## ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fourteen (14) days of its service.  "Failure to respond shall indicate that there is no opposition to a motion."  Local Rule 7.5.

AO 72A
(Rev. 8/82)

Therefore, if you fail to respond to a motion to dismiss, the Court will assume that you do not oppose the Defendants' motion.

Your response to a motion for summary judgment must be filed within twenty one (21) days after service of the motion. Local Rules 7.5, 56.1. The failure to respond to such a motion shall indicate that there is no opposition to the motion. Furthermore, each material fact set forth in the Defendants' statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should the Defendants file a motion for summary judgment, you are advised that you will have the burden of establishing the existence of a genuine dispute as to any material fact in this case. That burden cannot be carried by reliance on the conclusory allegations contained within the complaint. Should the Defendants' motion for summary judgment be supported by affidavit, you must file counter-affidavits if you desire to contest the Defendants' statement of the facts. Should you fail to file opposing affidavits setting forth specific facts showing that there is a genuine dispute for trial, the consequences are these: any factual assertions made in Defendants' affidavits will be accepted as true and summary judgment will be entered against the Plaintiff pursuant to Federal Rule of Civil Procedure 56.

**SO ORDERED** and **REPORTED** and **RECOMMENDED**, this 21st day of December, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

10