FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2013 JUL 12 A 9: 58
CLERK_____
SO. DIST. OF GA

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

THOMAS TROUBLE MAHER,

Plaintiff,

v.                                                              CIVIL ACTION NO.: CV612-097

JOHNNY DAVIS; EARL TOPPINS;
DR. TOMMY JONES; and
RICHARD BUNCH,

Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Hancock State Prison in Sparta, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement at Smith State Prison in Glennville, Georgia. Defendants filed a Motion to Dismiss. Plaintiff failed to file a Response, despite being granted his requested extension of time to do so. For the reasons which follow, Defendants' Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff asserts that Defendant Earl Toppins opened his cell in a secure lockdown area while two (2) gang members were without handcuffs in this area and several tray flaps were opened. Plaintiff contends that he was assaulted and stabbed by other inmates due to Defendant Toppins' deliberate indifference to Plaintiff's safety.

Plaintiff contends that Defendant Richard Bunch was present during this assault and that Defendant Bunch knew that he and Defendant Toppins were violating policy by having unsecured inmates in the same area. Plaintiff also contends that he was injured as a result of the assault, and Defendants Johnny Davis and Tommy Jones were deliberately indifferent to his serious medical needs. Plaintiff further contends that he complained to Defendant Jones, a doctor at Smith State Prison, about the medical care he was providing, and Defendant Jones retaliated against Plaintiff by denying him proper care. Plaintiff alleges that he told Defendant Davis that he and the other staff were acting improperly and that Defendant Davis retaliated against Plaintiff by "shaking down" Plaintiff.

Defendants assert that Plaintiff did not exhaust his administrative remedies regarding his claims against Defendants Davis and Jones. Defendants also assert that Plaintiff fails to state a viable claim against them. Defendants contend that they are entitled to qualified immunity in their individual capacities and Eleventh Amendment immunity for Plaintiff's monetary damages claims against them in their official capacities. Finally, Defendants contend that Plaintiff's Complaint should be dismissed based on his abuse of the judicial process.

## DISCUSSION AND CITATION TO AUTHORITY

I. **Exhaustion**

A. **Standard of Review**

The determination of whether an inmate exhausted his available administrative remedies prior to filing a cause of action in federal court is a matter of abatement and should be raised in a motion to dismiss. Bryant v. Rich, 530 F.3d 1368, 1374 (11th Cir.

2008). "Even though a failure-to-exhaust defense is non-jurisdictional, it is like" a jurisdictional defense because such a determination "ordinarily does not deal with the merits" of a particular cause of action. Id. (internal punctuation and citation omitted). A judge "may resolve factual questions" in instances where exhaustion of administrative remedies is a defense before the court. Id.

**B.    Discussion**

Defendants aver that Plaintiff admits in his Complaint that he did not exhaust his administrative remedies. Defendants allege that, although Plaintiff claims he failed to exhaust because he already had his two allowed informal grievances pending, Plaintiff's failure to exhaust concerning his claims against Defendants Davis and Jones is not excused. Defendants assert that Plaintiff filed three (3) grievances during the relevant time period, yet these grievances did not concern Plaintiff's allegations of deliberate indifference to his medical needs or retaliation.

Where Congress explicitly mandates, prisoners seeking relief for alleged constitutional violations must first exhaust inmate grievance procedures before filing suit in federal court. See Porter v. Nussle, 534 U.S. 516, 524 (2002). 42 U.S.C. § 1997e(a) states, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law . . . until such administrative remedies as are available are exhausted." In Porter, the United States Supreme Court held that exhaustion of available administrative remedies is mandatory. Porter, 534 U.S. at 523. The Supreme Court has noted exhaustion must be "proper." Woodford v. Ngo, 541 U.S. 81, 92 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system

AO 72A
(Rev. 8/82)

can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91. In other words, an institution's requirements define what is considered exhaustion. Jones v. Bock, 549 U.S. 199, 218 (2007).

In Turner v. Burnside, 541 F.3d 1077 (11th Cir. 2008), the Eleventh Circuit clarified how the lower courts are to examine the issue of exhaustion of administrative remedies. First, the court is to take the plaintiff's version of the facts regarding exhaustion as true. Id. at 1082. If, even under the plaintiff's version of the facts, plaintiff has not exhausted, the complaint must be dismissed. Id. However, if the parties' conflicting facts leave a dispute as to whether plaintiff has exhausted, the court need not accept all of plaintiff's facts as true. Id. Rather, "the court then proceeds to make specific findings in order to resolve the disputed factual issues[.]" Id. "Once the court makes findings on the disputed issues of fact, it then decides whether under those findings the prisoner has exhausted his available administrative remedies." Id. at 1083. The Eleventh Circuit has held that a district court may consider materials outside of the pleadings and resolve factual disputes regarding exhaustion in conjunction with a Rule 12(b)(6) motion to dismiss so long as the factual disputes do not decide the merits of the case. See Bryant, 530 F.3d at 1376-77.

Standard Operating Procedure ("SOP") IIB05-0001 sets forth the three (3) steps an inmate had to complete under the Georgia Department of Corrections' grievance procedure in effect at that time.[1] First, an inmate had to file an informal grievance "no later than 10 calendar days from the date" the inmate was aware "of the facts giving rise to the grievance." (Doc. No. 40-3, p. 6). An inmate was limited to filing one (1)

---

[1] This SOP was amended with an effective date of December 10, 2012, and inmates are no longer required to file an informal grievance. (SOP IIB05-0001, p. 4) (Dec. 2012). The previous version of this SOP is relevant for this Court's purposes.

informal grievance per calendar week and to having two (2) non-emergency grievances pending at the institutional level. An inmate could dismiss a pending grievance to allow for the filing of another grievance. (Id. at p. 5). An inmate was to be given a written response to his informal grievance within ten (10) calendar days of the counselor's receipt of the inmate's informal grievance. (Id. at p. 7). If the inmate was dissatisfied with the resolution of his informal grievance, he was to file a formal grievance within five (5) days of his receipt of the written resolution of his informal grievance. (Id.). Once an inmate received the Warden's response to his formal grievance and was dissatisfied with that response, he had five (5) business days to file an appeal with the Commissioner. (Id. at p. 9). The Commissioner's Office had 90 calendar days after receipt of the appeal to respond. (Id. at p. 10).

Plaintiff filed Grievance Number 125387 on July 10, 2012, and grieved about officers opening his cell door and allowing two (2) uncuffed inmates to stab and beat him. This grievance was granted. (Doc. No. 40-5, p. 2). Plaintiff filed another grievance, Number 125949, on this same date and complained about his cell door being opened allowing another inmate to stab and strike him in the face and back. This grievance also was granted. (Doc. No. 40-6, p. 2). These were the only grievances Plaintiff filed regarding occurrences stemming from July 10, 2012, events. (Doc. No. 40-4, p. 2).

Plaintiff filed Informal Grievance Number 126967 on July 20, 2012. Plaintiff complained about the conditions of his confinement in the J-Building, and this grievance was rejected as being out of time. (Doc. No. 40-7, p. 3). Plaintiff did not file an appeal of this rejection. In addition, Plaintiff admits that all other grievances other

5

than the ones for breach of security (Numbers 125387 and 125949) were rejected, and he did not appeal. (Doc. No. 1, pp. 3—4; 8). Accepting Plaintiff's assertions as true, he did not exhaust his administrative remedies regarding his deliberate indifference to a serious medical need and retaliation claims against Defendants Davis and Jones. Turner, 541 F.3d at 1082.

## II. Deliberate Indifference to Safety

### A. Standard of Review

Under a Rule 12(b)(6) motion to dismiss, a court must "accept[ ] the allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff." Belanger v. Salvation Army, 556 F.3d 1153, 1155 (11th Cir. 2009). "A complaint must state a facially plausible claim for relief, and '[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Wooten v. Quicken Loans, Inc., 626 F.3d 1187, 1196 (11th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" does not suffice. Ashcroft, 556 U.S. at 678.

"The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal punctuation and citation omitted). While a court must accept all factual allegations in a complaint as true, this tenet "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient. Id.

### B. Discussion

Defendants assert that Plaintiff fails to allege facts which are sufficient to establish that Defendants Bunch and Topping were deliberately indifferent to his safety. Defendants state that Plaintiff's contention that inmates, including Plaintiff, were not handcuffed allows for "an inference that Defendants Bunch and Topping negligently failed to cuff the inmates, which allowed those inmates to potentially assault them personally and become involved in an inmate-on-inmate altercation." (Doc. No. 40, p. 15). Defendants assert that negligent actions do not constitute deliberate indifference. Defendants also assert that Plaintiff's contention that there were ongoing gang conflicts is conclusory.

The Eighth Amendment's proscription against cruel and unusual punishment imposes a constitutional duty upon prison officials to take reasonable measures to guarantee the safety and health of prison inmates. "'To show a violation of [his] Eighth Amendment rights, [a p]laintiff must produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation.'" Smith v. Reg'l Dir. of Fla. Dep't of Corr., 368 F. App'x 9, 14 (11th Cir. 2010) (quoting Purcell ex rel. Estate of Morgan v. Toombs Cnty., Ga., 400 F.3d 1313, 1319 (11th Cir. 2005)). "To be deliberately indifferent a prison official must know of and disregard 'an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" Id. (quoting Purcell, 400 F.3d at 1319-20). Whether a substantial risk of serious harm exists so that the Eighth Amendment might be violated involves a legal rule that takes form through its application to facts.

All disputed facts are resolved in accord with the plaintiff's view of the facts. Purcell, 400 F.3d at 1320. However, "simple negligence is not actionable under § 1983, and a plaintiff must allege a conscious or callous indifference to a prisoner's rights." Smith, 368 F. App'x at 14.

Plaintiff does not set forth allegations which are sufficient to sustain a plausible Eighth Amendment claim against Defendants Bunch and Toppins. At best, Plaintiff asserts that there were "several different gang conflicts that caused all of Smith State Prison to be locked down at one point" because of another inmate's death, (Doc. No. 1, p. 6), and that he noticed that there were tray flaps open and two (2) inmates out of their cells and uncuffed. (Doc. No. 38, pp. 1—2). However, these allegations are not sufficient to allow Plaintiff's Eighth Amendment claim to rise to the level of "plausible". Rather, Plaintiff's allegations reveal that the actions of Defendants Bunch and Toppins may have violated a policy, but this is not enough to show a plausible cause of action under § 1983. Stallworth v. Huffman, No. 07-0439-KD-B, 2008 WL 2858591, at *15 (M.D. Ala. July 22, 2008) (citing Cagle v. Sutherland, 334 F.3d 980, 986-87 (11th Cir. 2003) (a violation of a policy alone is insufficient to show a defendant acted with deliberate indifference). Plaintiff alleges no facts which indicate that Defendants Bunch and Toppins acted deliberately and with a callous disregard to any known risk to Plaintiff's safety.

It is unnecessary to address the remaining portions of Defendants' Motion.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendants' Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 12th day of July, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE